UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                     Case No. 24-cr-20310

v.

                                           Hon. Sean F. Cox
RONNIE JOHNSON,                        United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER**
**DENYING IN PART AND HOLDING IN ABEYANCE IN PART**
**DEFENDANT'S MOTION TO DISMISS THE INDICTMENT (ECF No. 18)**

Defendant Ronnie Johnson moves to dismiss the indictment in this case,[1] which charges him with possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). Johnson argues that § 922(g)(1) violates the Second Amendment on its face and as applied to him. Johnson's facial challenge fails, but resolving his as-applied challenge will require an evidentiary hearing because Johnson is presumptively dangerous. The Court shall hold such a hearing and then make a final determination of dangerousness based on any materials in the record.

Johnson's challenge comes on the heels of *United States v. Williams*, 113 F.4th 637 (6th Cir. 2024). There, the Sixth Circuit issued further guidance on how courts should resolve Second Amendment challenges to § 922(g)(1). By way of background, *New York State Rifle & Pistol Association, Inc. v. Bruen* explained that any law which *prima facie* regulates Second Amendment conduct cannot survive judicial review unless the Government shows that historical tradition justifies the regulation. 597 U.S. 1 (2022).

---

[1] Johnson's motion was fully briefed and the Court now denies it in part and holds it in abeyance in part without a hearing. *See* E.D. Mich. L.R. 7.1(f)(2).

1

Courts have struggled to apply *Bruen* to status-based regulations such as § 922(g)(1). *Williams* cleared up this controversy by explaining that, although § 922(g)(1) regulated Second Amendment conduct, it was justified by a historical tradition of "disarm[ing] groups . . . deemed to be *dangerous*." 113 F.4th at 657 (emphasis added). The Sixth Circuit also explained that whenever American governments disarmed entire groups, individual members of such groups "could demonstrate that their particular possession of a weapon posed no danger to peace." *Id.*

With these principles in mind, *Williams* held that § 922(g)(1) "is not susceptible to a facial challenge." *Id.* This makes sense because a law survives a facial challenge unless there is "no set of circumstances under with the [law] would be valid," and logic dictates that at least some felons are dangerous enough to warrant disarmament. *Id.* (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)). Thus, *Williams* forecloses Johnson's facial challenge.

*Williams* also provides a framework for resolving Johnson's as-applied challenge. *Williams* instructs that § 922(g)(1) can only be applied to *dangerous* felons. And "[t]he dangerousness determination will be fact-specific, depending on the unique circumstances of the individual defendant." *Id.* at 660. Further, "[c]ourts may consider any evidence of past convictions in the record, as well as other judicially noticeable information—such as prior convictions—when assessing a defendant's dangerousness." *Id.*

Per *Williams*, the Court ostensibly must hold an evidentiary hearing to resolve whether § 922(g)(1) is unconstitutional as applied to Johnson. *Williams* also instructs that "the burden rests on [Johnson] to show he's not dangerous." *Id.* at 662. Johnson disputes the second point. He argues that, after *Bruen*, the Government must justify regulations such as § 922(g)(1) that regulate Second Amendment conduct. Johnson concludes that the Government must prove that he is dangerous enough to warrant disarmament, and not the other way around.

Johnson is mistaken. The Government proved in *Williams* that historical tradition justified disarming dangerous people so long as a disarmed person may contest their dangerousness. After *Williams*, the Government carries its burden under *Bruen* in any as-applied challenge to § 922(g)(1) as a matter of law.

Johnson also argues that *Williams*'s dangerousness framework is "overbroad, and void for vagueness." (ECF No. 18, PageID.49). But the Court has no authority to "ignore . . . the hierarchy of the federal court system created by the Constitution and Congress." *Hutto v. Davis*, 454 U.S. 370, 374–75 (1982). The Court shall apply *Williams*, which instructs that Johnson be permitted to rebut any presumption of dangerousness.

It is possible that the indictment in this case established *prima facie* that Johnson is dangerous. On that theory, a person is presumptively disarmable if probable cause exists to believe that he or she belongs to a class of people whom Congress has permissibly disarmed, and felons are permissibly disarmable because they are dangerous. Even if Johnson's indictment did not establish a presumption of dangerousness, facts in the record are.

Johnson's pretrial services report discloses two misdemeanor battery convictions in the State of Indiana in 1992.[2] "[C]rimes against the person" such as battery "speak directly to whether an individual is dangerous." *Id.* at 658. That report also details two Indiana convictions for felony dealing in cocaine or a narcotic drug in 1994. Drug trafficking offenses "put someone's safety at risk," and therefore also "justify a finding of danger." *Id.* at 659. And Johnson does not dispute these prior convictions.

---

[2] In this District, copies of pretrial services reports are provided to the Government and defense counsel.

3

Thus, Johnson is presumptively disarmable under § 922(g)(1). Before proceeding to trial, the Court shall hold an evidentiary hearing where Johnson may introduce evidence to rebut that presumption. Accordingly, **IT IS ORDERED** that Johnson's motion to dismiss (ECF No. 18) is **DENIED IN PART** and **HELD IN ABEYANCE IN PART**. That motion is **DENIED** to the extent that it seeks dismissal of the indictment on the ground that § 922(g)(1) is facially unconstitutional. That motion is **HELD IN ABEYANCE** in all other respects pending an evidentiary hearing.

**IT IS FURTHER ORDERED** that the parties shall file witness and exhibit lists for that evidentiary hearing on or before **December 12, 2024**.

**IT IS SO ORDERED**.

s/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated:  December 11, 2024