UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RONNIE JOHNSON,

    Defendant.
_____/

Case No. 24-cr-20310

Hon. Sean F. Cox
United States District Court Judge

**OPINION & ORDER
DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT (ECF No. 18)
IN REMAINING PART**

The grand jury in this criminal case indicted Defendant Ronnie Johnson for possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1), and Johnson argues that his indictment violates his Second Amendment rights. But Johnson fails to show that he is not dangerous, so the Court shall deny Johnson's motion to dismiss his indictment.

**BACKGROUND**

This criminal case began when a federal agent swore out an affidavit alleging that police executed a warrant to search Johnson's home in Highland Park, Michigan. Johnson, his cousin, and his cousin's girlfriend were in Johnson's house when police arrived. Police found guns, ammunition, and cash stashed throughout the house, including in Johnson's bedroom. Police also found drugs, scales, drug-packaging supplies, and drug-cutting agents in the main room of Johnson's house and in the basement. Johnson later told police that he was a drug dealer and a felon, and that the contraband police found in his house were his. A grand jury subsequently indicted Johnson for possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1).

1

Johnson's indictment in this case was not his first run-in with the law. In May 1994, law enforcement wired up a confidential informant and gave him $1,500 to buy crack. That informant approached a twenty-year-old Johnson, who sold the informant 13.8 grams of crack. Police later recovered the $1,500 they had given the informant, a loaded .357 Magnum revolver, and an additional 87.8 grams of crack from Johnson. Johnson did not have a license to carry a handgun and had previously been convicted of carrying a handgun without a license. Johnson was charged with three felonies in an Indiana state court: (1) delivering more than three grams of crack; (2) possessing with intent to deliver more than three grams of crack; and (3) possessing a firearm without a license after having been previously convicted of the same offense.

A jury convicted Johnson of all three charges, and the state court discussed Johnson's criminal history at sentencing. Specifically, the state court found that Johnson had sold crack to the informant while he was on probation for another offense and that he had several prior Indiana convictions: (a) obstruction of traffic in 1991 when he was seventeen; (b) battery, obstruction of traffic, battery again, and carrying a handgun without a license in 1992 when he was eighteen; (c) operating a vehicle without a license, operating a vehicle without a license again, carrying a handgun without a license, and "[r]esisting law enforcement (physical)" in 1993 when he was nineteen; and (d) failure to appear in 1994 when he was twenty.[1] (ECF No. 20-2, PageID.78).

The state court ultimately imposed an aggregate forty-three-year sentence of imprisonment in January 1995. Johnson was released early in November 2015 and completed a term of parole without incident in 2020. Johnson has not been convicted of any crimes since 1994, and he is in his early fifties now.

---

[1] The state court did not discuss the underlying facts of these prior convictions.

Turning back to this case, Johnson moved to dismiss his indictment and argued that § 922(g)(1) was unconstitutional on its face and as applied to him.  In an order dated December 11, 2024, the Court rejected Johnson's facial challenge and held his as-applied challenge in abeyance pending an evidentiary hearing.[2]  The Court held that hearing on February 21, 2025, and now rejects Johnson's as-applied challenge for the following reasons.

## STANDARD OF REVIEW

To prevail on an as-applied challenge to § 922(g)(1), a defendant must carry the "burden to demonstrate that he is not dangerous, and thus falls outside of § 922(g)(1)'s constitutionally permissible scope." *United States v. Williams*, 113 F.4th 637, 657 (6th Cir. 2024).  In assessing whether a defendant is dangerous, "court[s] may consider [the] defendant's entire criminal record—not just the specific felony underlying his § 922(g)(1) conviction." *Id.* at 659–60.  At the end of the day, "[t]he dangerousness determination [is] fact-specific, depending on the unique circumstances of the individual defendant." *Id.* at 660.

With respect to a defendant's past convictions, "governments have long divided criminal offenses into a few classes," and three such classes inform the dangerousness analysis. *Id.* at 658.  "The first such group is crimes against the person" such as "murder, rape, assault, and robbery." *Id.*  Convictions for crimes in this category "are at least strong evidence that an individual is dangerous, if not totally dispositive on the question." *Id.*  "A second category of crimes" embraces offenses that are "not strictly crimes against the person," but that still "put someone's safety at risk, and thus, justify a finding of danger." *Id.* at 659.  Crimes in this bucket include offenses such as drug-trafficking and burglary. *See id.*  "The final category of crimes" includes offenses such as mail fraud that "cause no physical harm to another person or the

---

[2] Johnson also argued that the Sixth Circuit's framework for evaluating as-applied challenges to § 922(g)(1) is unworkably vague, but the Court also rejected that argument.

community." *Id.* Convictions for crimes in this category generally "don't make a person dangerous." *Id.*

## ANALYSIS

Johnson argues he is not dangerous because he is a different person than he was in 1994. Johnson points to recent developments in brain science showing that "[t]he region [of the brain] with the greatest relative prediction power about brain maturity [is] the right anterior prefrontal cortex." Nico U.F. Dosenbach et al., *Prediction of Individual Brain Maturity Using fMRI*, 329 Science 1358, 1360 (2010). "The prefrontal cortex . . . is responsible for cognitive analysis, abstract thought, and the moderation of correct behavior in social situations." Mariam Arain et al., *Maturation of the Adolescent Brain*, 9 Neuropsychiatric Disease & Treatment 449, 453 (2013). And "[t]he development and maturation of the prefrontal cortex occurs primarily during adolescence and is fully accomplished at the age of 25 years." *Id.* at 459.

For this reason, the U.S. Sentencing Commission "has defined youthful offenders as federal offenders 25 years old or younger at the time of sentencing." U.S. Sent'g Comm'n, Youthful Offenders in the Federal System 5 (2017), https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20170525_youthful-offenders.pdf [https://perma.cc/D9N4-B6YD]. And the Commission instructs that "[a] downward departure" from a defendant's guideline sentence "may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses." U.S.S.G. § 5H1.1 (2024). Johnson concludes that even if Congress could lawfully disarm him in 1994, it cannot now because he is no longer dangerous.

On the other side of the ledger, Johnson was twice convicted of battery, and he admits that battery is a crime against the person. Convictions for such offenses "might indicate an irrebuttable presumption of dangerousness," and in any event the burden on a defendant convicted of a crime against the person to show he is not dangerous "would be extremely

4

heavy." *Williams*, 113 F.4th at 658. Johnson was also convicted of a drug offense, which "justif[ies] a finding of danger." *Id.* at 659. Johnson was additionally convicted of several gun offenses, and convictions for felonies whose commission "involved a firearm" are probative of dangerousness as well. *United States v. Morton*, 123 F.4th 492, 500 (6th Cir. 2024). Under these circumstances, the Court is not persuaded that Congress could not lawfully disarm Johnson even though his past convictions occurred when he was younger than twenty-five years old, and he has not been convicted of any additional crimes for thirty years.[3]

## CONCLUSION & ORDER

Johnson's indictment for violating § 922(g)(1) did not violate his rights under the Second Amendment. Accordingly, **IT IS ORDERED** that Johnson's motion to dismiss his indictment (ECF No. 19) is **DENIED** in remaining part.

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: March 10, 2025

---

[3] The Court also notes that Johnson was in prison for much of this time.